UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH GOMEZ-ALDAY,

    Plaintiff,

v.                                                                    Case No. 2:21-cv-395-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

## REPORT AND RECOMMENDATION

Plaintiff Deborah Gomez-Alday seeks judicial review of a denial of Social Security disability benefits. The Commissioner of the Social Security Administration filed the transcript of the proceedings (Doc. 11),[1] and the parties filed a joint memorandum (Doc. 14). As discussed in this report, the decision of the Commissioner should be affirmed.

## I.    Eligibility for Disability Benefits and the Administration's Decision

### A.    Eligibility

The Social Security Act and related regulations define disability as the inability to do any substantial gainful activity by reason of one or more medically determinable physical or mental impairments that can be expected to result in death or that have lasted or can be expected to last for a continuous period of not less than

---

[1] Cited as "Tr." followed by the corresponding page number.

twelve months. [2] Depending on its nature and severity, an impairment limits exertional abilities like walking or lifting, nonexertional abilities like seeing or hearing, tolerances for workplace conditions like noise or fumes, or aptitudes necessary to do most jobs such as using judgment or dealing with people. [3] And when functional limitations preclude both a return to past work and doing any other work sufficiently available in the national economy (or an impairment meets or equals the severity criteria for a disabling impairment as defined in the regulatory "Listing of Impairments"), the person is disabled for purposes of the Act. [4]

## B.      Factual and procedural history

On September 18, 2019, Gomez-Alday applied for disability insurance benefits. (Tr. 87, 99, 189). She asserted an onset date of March 1, 2017, and provided the following grounds for her application: anxiety; leukopenia; neurofibro in lungs; anemic; and gastritis (Tr. 75-76, 88-89). As of the alleged onset date, Gomez-Alday was 53 years old with a college education. (Tr. 75, 88, 205). She previously worked as a physical therapist. (Tr. 50, 205).

---

[2] *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3); 20 C.F.R. §§ 404.1505, 416.905.

[3] *See* 20 C.F.R. §§ 404.1513(a)(2)(i)-(iv) (discussing the various categories of work-related abilities), 416.913(a)(2)(i)(A)-(D) (same), 404.1522(b) (providing examples of abilities and aptitudes necessary to do most jobs), 416.922(b) (same), 404.1545(b)-(d) (discussing physical, mental, and other abilities that may be affected by an impairment), 416.945(b)-(d) (same), 404.1594(b)(4) (defining functional capacity to do basic work activities), 416.994(b)(1)(iv) (same).

[4] *See* 20 C.F.R. §§ 404.1511, 416.911(a).

On behalf of the administration, a state agency[5] reviewed and denied Gomez-Alday's application initially on January 14, 2019, and upon reconsideration on July 11, 2019. (Tr. 87, 99). At Gomez-Alday's request, Administrative Law Judge (ALJ) Raymond Rodgers held a hearing on December 2, 2020 (Tr. 43-74, 114), and on December 21, 2020, the ALJ issued a decision finding Gomez-Alday not disabled. (Tr. 20-36). Gomez-Alday's timely request for review by the administration's Appeals Council was denied. (Tr. 1-5). She then brought the matter to this court, and the case is ripe for judicial review.

## C.    The ALJ's decision

The ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). This five-step process determines:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform [her] past relevant work; and (5) if not, whether, in light of [her] age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy.
>
> *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (internal quotation omitted); *see also* 20 C.F.R. § 404.1520(a)(4).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial

---

[5] In Florida, a federally funded state agency develops evidence and makes the initial determination whether a claimant is disabled. *See* 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503(a).

manner." 20 C.F.R. § 404.900(b). Unlike judicial proceedings, Social Security Administration hearings "are inquisitorial rather than adversarial." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id.* Indeed, "at the hearing stage, the commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id.* (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Nonetheless, while the claimant is temporarily relieved of the burden of production during step five as to whether there are enough jobs the claimant can perform, the claimant otherwise has the burdens of production and persuasion throughout the process. *See* 20 C.F.R. § 404.1512 (providing that the claimant must prove disability); *see also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (noting the regulations "place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work"). In short, the "overall burden of demonstrating the existence of a disability as defined by the

Social Security Act unquestionably rests with the claimant." *Washington*, 906 F.3d

at 1359 (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

Preceding step one, the ALJ found Gomez-Alday's date last insured (DLI)

was December 31, 2019. (Tr. 27). At step one of the evaluation, the ALJ found that

from the alleged onset date through Gomez-Alday's DLI, she had not engaged in

substantial gainful activity. (Tr. 27). At step two, the ALJ characterized her severe

impairments as: degenerative disc disease of the lumbar, thoracic, and cervical spine;

osteoarthritis of the hands; and neurofibroma involving the right shoulder. (Tr. 27).

At step three, the ALJ determined Gomez-Alday did not have an impairment or

combination of impairments that met or medically equaled the severity of an agency-

listed impairment. (Tr. 30).

> As a predicate to step four, the ALJ arrived at the following RFC:

> [T]he claimant has the residual functional capacity to lift and/or carry 50 pounds occasionally, and 25 pounds frequently; sit for 6 hours in an 8 hour workday; stand and/or walk for 6 hours in an 8 hour workday; occasional climbing of ramps or stairs; occasional climbing of ladders, but no climbing of ropes or scaffolds; frequent balancing, stooping, kneeling, and crouching; occasional crawling; frequent overhead reaching with the right upper extremity; frequent handling and fingering; and no exposure to hazardous machinery or unprotected heights.

> (Tr. 31).

At step four, the ALJ determined that Gomez-Alday was capable of

performing her past relevant work as a physical therapist. (Tr. 36). In support, a

vocational expert opined during the ALJ hearing that Gomez-Alday would be able

to perform her past relevant work and the ALJ found this to be consistent with the

DOT. (Tr. 36).[6] As a result, there was no need for the ALJ to proceed to step five of

the evaluation. And thus, for purposes of the Act, the ALJ concluded that Gomez-

Alday was not disabled from March 1, 2017, the alleged onset date, through

December 31, 2019, the date last insured. (Tr. 36).

## II.    Analysis

This appeal presents the following questions for review:

1. whether remand is required because the statute governing the removal of the Commissioner violated the separation of powers;

2. whether the ALJ properly considered Gomez-Alday's mental impairments; and

3. whether the ALJ properly considered Gomez-Alday's past relevant work.

### A.    Standard of review

The court "may not decide the facts anew, make credibility determinations, or

reweigh the evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127,

1132 (11th Cir. 2021). While the court must account for evidence both favorable and

unfavorable to a disability finding and view the evidence as a whole, *Foote v. Chater*,

---

[6] The "DOT" refers to the *Dictionary of Occupational Titles* and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work—in a purely physical sense—that the job requires, and it is divided into five categories: sedentary, light, medium, heavy, and very heavy. Skill refers to how long it takes to learn the job, and it is divided into three categories: unskilled, semiskilled, and skilled. The "SVP" (Specific Vocational Preparation) provides further subdivision of the three skill categories into nine levels: SVP 1 and 2 are unskilled; SVP 3 and 4 are semiskilled; and SVP 5 through 9 are skilled.

67 F.3d 1553, 1560 (11th Cir. 1995), the court's review of the administration's decision is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020) (quoting *Crawford*, 363 F.3d at 1158)).

"[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. In other words, a "presumption of validity attaches" to the ALJ's factual findings. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). And if supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

**B.      There was no separation-of-powers violation warranting remand**

Gomez-Alday argues the administration's structure violates the separation of powers due to the statutory provision governing the President's authority to remove

- 7 -

the Commissioner (42 U.S.C. § 902(a)(3)). (Doc. 14, pp. 34-36). And to the extent it is construed as limiting the President's authority to remove the Commissioner without cause, the Commissioner agrees that the removal provision is unconstitutional. (Doc. 14, p. 37). But Gomez-Alday's claim was adjudicated by an ALJ whose tenure was ratified by former Acting Commissioner Berryhill, an officer removable at will and not subject to 42 U.S.C. § 902(a)(3)'s tenure protection. "Although the statute unconstitutionally limited the President's authority to remove the confirmed [Commissioner], there was no constitutional defect in the statutorily prescribed method of appointment to that office. As a result, there is no reason to regard any of the actions taken by the [administration] as void." *Collins v. Yellen*, 141 S. Ct. 1761, 1787 (2021); *see also id*. at 1802 (Kagan, J. concurring) ("Consider the hundreds of thousands of decisions that the Social Security Administration (SSA) makes each year. … I doubt the mass of SSA decisions—which would not concern the President at all—would need to be undone .... When an agency decision would not capture a President's attention, his removal authority could not make a difference.").

There is no indication the President attempted or desired the removal of the Commissioner while this case was pending before the administration. And Gomez-Alday has neither shown a nexus between the removal restrictions and her claim, nor plausibly alleged that the statutory tenure protection affected the ALJ's decision

or caused her harm. For these reasons, this court has joined its sister courts throughout the country and repeatedly held this separation-of-powers argument meritless, and it should do so again here. *See Tibbetts v. Comm'r of Soc. Sec.*, No. 2:20-cv-872-SPC-MRM, 2021 WL 6297530 (M.D. Fla. Dec. 21, 2021) (report and recommendation), *no objection and adopted*, 2022 WL 61217 (Jan. 6, 2022); *see also Hultgren v. Comm'r of Soc. Sec.*, No. 2:20-cv-892-SPC-NPM, 2022 WL 1085547 (M.D. Fla. Feb. 9, 2022) (report and recommendation), *overruling objections and adopted*, 2022 WL 736176 (Mar. 11, 2022); *Frank v. Comm'r of Soc. Sec.*, No. 2:20-cv-962-SPC-NPM, 2022 WL 598036 (M.D. Fla. Feb. 10, 2022) (report and recommendation), *no objection and adopted*, 2022 WL 596833 (Feb. 25, 2022).

## C.    The ALJ properly considered Gomez-Alday's mental impairments

Gomez-Alday argues the ALJ should have included mental limitations in the RFC based on the ALJ's findings at step two of mild limitations in all four areas of mental functioning. (Doc. 14, pp. 11-15).[7] And she implies the ALJ should not have followed the administration's sequential evaluation—rather, she claims the ALJ should have focused on the specific requirements of Gomez-Alday's past relevant

---

[7] Gomez-Alday does not challenge the ultimate step-two findings, so any argument as to this issue is forfeited. *See Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (noting claimant waived arguments by not expressly challenging ALJ's findings); *Access Now, Inc. v. Sw. Airlines*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

work as early as step two.[8] But this turns the sequential evaluation on its head. The administration's disability analysis does not assess a claimant's functional capacity based on any past relevant work. Rather, it arrives at an RFC based on the claimant's medically determinable impairments, and then determines whether the functional demands of a claimant's past relevant work exceed the RFC.

Furthermore, as the ALJ observed, the mental limitations identified at step two are not an assessment of a claimant's RFC; instead, they are used only to rate the severity of mental impairments at steps two and three of the sequential evaluation process. (Tr. 30); *see* 20 C.F.R. §§ 404.1520(a)(4)(ii)-(iii), 404.1520a(d)(1), (2); SSR 96-8p, 1996 WL 374184, *4 (July 2, 1996) ("The adjudicator must remember that the limitations identified [for the listings] criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.").

Indeed, the regulations state that at step two, the agency "will ***not*** consider your age, education, and ***work experience***." 20 C.F.R. § 404.1520(c) (emphasis added). Only after proceeding beyond step three will the ALJ for the first time compare the RFC "with the physical and mental demands of your past relevant work." 20 C.F.R. § 404.1520(f); *see also* 20 C.F.R. § 404.1560(a)-(b) (noting if

---

[8] Gomez-Alday cites to 20 C.F.R. § 404.1521(e)(3), but this subsection does not exist. Moreover, her citations to supplemental security income benefits regulations are inapplicable, as this case concerns only an application for disability insurance benefits. (Doc. 14, p. 11).

agency cannot decide whether a claimant is disabled at one of the first three steps of

the sequential evaluation process, then the agency will, for the first time, compare

the RFC "with the physical and mental demands of your past relevant work.").

In other words, the ALJ proceeds through a five-step sequential evaluation

process, ***in that order***. *See* 20 C.F.R. §§ 404.1520(a)(4) ("The sequential evaluation

process is a series of five 'steps' that we follow in a set order."), 404.1529(d) ("We

follow a set order of steps to determine whether you are disabled."). At step two, an

ALJ considers the severity of a claimant's impairments. 20 C.F.R.

§ 404.1520(a)(4)(ii). An impairment is not severe "if it does not significantly limit

[a claimant's] physical or mental ability to do basic work activities." 20 C.F.R.

§ 404.1522(a); *see* 20 C.F.R. § 404.1520(c).

When evaluating mental impairments, the regulations set forth a "special

technique" in 20 C.F.R. § 404.1520a, which the ALJ followed. (Tr. 28-30). At step

two, the ALJ did not find any mental impairments severe. (Tr. 27). Rather, the ALJ

found anxiety and posttraumatic stress disorder (PTSD) were medically

determinable impairments that "did not cause more than minimal limitation in

[Gomez-Alday's] ability to perform basic mental work activities and were therefore

non-severe." (Tr. 28). In making this finding, ALJ considered the broad areas of

mental functioning, and he found Gomez-Alday had mild limitations in each of the

four areas. (Tr. 28-29).[9]

"Mild" connotes a "slight" limitation. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments) at 12.00(F)(2)(b). Findings of mild limitations across the four domains of mental functioning generally warrant a conclusion that the mental impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1) (emphasis added) (citing 20 C.F.R. § 404.1522). That is to say that a finding of mild limitations across all four domains of mental functioning does not preclude a finding that the claimant may have one or more work-related, mental-function limitations *if* the evidence indicates as much.

Gomez-Alday bears the burden of proof to show that an impairment is severe. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019). But she makes no attempt to do so here. In fact, she makes no attempt to show that even though her anxiety and PTSD cause only mild limitations across her four domains of mental functioning, they nevertheless cause a more than minimal limitation in her ability to do basic work activities. And as summarized in the ALJ's decision, ample evidence supported the ALJ's conclusion that the limiting effects of these

---

[9] When rating a claimant's degree of limitation in the four areas (understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself), the agency uses a five-point scale: None, mild, moderate, marked, and extreme. The last point on the scale (extreme) represents a degree of limitation that is incompatible with the ability to do any gainful activity. 20 C.F.R. § 404.1520a(c)(4).

impairments were not as intense or persistent as alleged—a point that Gomez-Alday

does not contest. Thus, substantial evidence supported the ALJ's step two finding

that Gomez-Alday's anxiety and PTSD were non-severe.

Before step four, the ALJ must assess the claimant's RFC, which is the most

a claimant can still do despite her limitations. 20 C.F.R. § 404.1545(a)(1). It consists

of a claimant's "impairment(s), and any related symptoms, such as pain, [that] may

cause physical and mental limitations that affect what [a claimant] can do in a work

setting." 20 C.F.R. § 404.1545(a)(1). An ALJ will "assess and make a finding about

[the claimant's] residual functional capacity based on all the relevant medical and

other evidence" in the case. 20 C.F.R. § 404.1520(e); *see* 20 C.F.R.

§§ 404.1545(a)(1), (3), 404.1520a(c)(1). So, the ALJ must consider *all* of the

claimant's medically determinable impairments, including those that are not

"severe." 20 C.F.R. § 404.1545(a)(2), (e).

The ALJ did so here. Relevant to this discussion, the ALJ considered Gomez-

Alday's subjective statements pertaining to her mental impairments as well as

objective medical evidence and opinion evidence relating to her mental impairments.

(Tr. 32-36). The ALJ's decision thoroughly discussed objective and subjective

evidence during the step-two analysis and RFC discussion. (*See* Tr. 28-30, 32-36).

As a whole, the ALJ considered Gomez-Alday's allegations that anxiety with panic

attacks and PTSD cause difficulty focusing. But the ALJ found these allegations

were inconsistent with the objective evidence, indicating the absence of any work-related limitations. (Tr. 32).

While Gomez-Alday perfunctorily cites to *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1180-1181 (11th Cir. 2011), she makes no effort to apply that case to the facts here. Even so, *Winschel* is distinguishable. There, the ALJ determined at step two that Winschel's mental impairments caused a ***moderate*** limitation in maintaining concentration, persistence, and pace. "But the ALJ did not indicate that the medical evidence suggested Winschel's ability to work was unaffected by this limitation," nor did he implicitly or explicitly account for the limitation in the hypothetical question to the vocational expert. *Id.* at 1181. So the court found error because the hypothetical question failed to account for all of Winschel's impairments. *Id.* But here, the ALJ thoroughly considered and discussed Gomez-Alday's mental impairments and the related medical evidence throughout his decision and concluded they did not cause work limitations.

Moreover, the ALJ did not find any moderate mental limitations—he only found Gomez-Alday had ***mild*** limitations (a finding Gomez-Alday does not challenge). The ALJ considered Gomez-Alday's mental impairments both at step two and in the RFC analysis—the substance of which Gomez-Alday does not challenge. (Tr. 28-30, 32-36). An ALJ does not have to reflect such a finding in his RFC assessment or in the hypothetical question to a vocational expert. *See Williams*

*v. Soc. Sec. Admin.*, 661 F. App'x 977, 980 (11th Cir. 2016) (holding ALJ did not err in omitting limitations due to depression in the RFC assessment even though the ALJ found it caused mild limitations at step two); *Medwit v. Comm'r of Soc. Sec.*, No. 2:20-cv-143-JLB-NPM, 2021 WL 1341390, *5 (M.D. Fla. Feb. 22, 2021) ("Since the ALJ only assessed 'mild' limitations in the four areas of mental functioning, the ALJ did not err by not providing a mental RFC."), *report and recommendation adopted*, 2021 WL 1138179 (Mar. 25, 2021). In sum, the ALJ considered Gomez-Alday's mental impairments both at step two and in the RFC analysis. And substantial evidence supports the absence of any mental limitations in the RFC. Therefore, the ALJ did not commit reversible error.

### D.   The ALJ properly considered Gomez-Alday's past relevant work

Gomez-Alday argues the ALJ erred by finding that her prior work as a physical therapist constituted "past relevant work." But this point of error is based on a suggestion made for the first time on appeal—and not before the ALJ—that she did not perform this work long enough to learn it. (Doc. 14, pp. 25-26).[10]

Gomez-Alday had the burden of proving any such contention below. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991) (the claimant—not the administration—bears the

---

[10] Notably, and inconsistently, Gomez-Alday affirmatively asserts in her mental-impairment argument that her work as a physical therapist constituted "past relevant work." (Doc. 14, pp. 11-15).

burden of showing that certain work experience is not past relevant work). In fact, Gomez-Alday, and not the ALJ, had the burden of developing the record about her past work. *See Marchand v. Astrue*, No. 8:11-cv-2458-T-TGW, 2012 WL 6733028, *3 (M.D. Fla. Dec. 28, 2012). And her failure to assert—let alone prove—below that she did not perform her past work long enough to learn it, precludes her from prevailing on this question now. *See Schlegel v. Comm'r of Soc. Sec.*, No. 6:16-cv-1236-Orl-DCI, 2017 WL 2379811, *2-3 (M.D. Fla. June 1, 2017) (finding that claimant's failure to raise a past-relevant-work objection during the administrative proceeding was fatal on appeal); *New v. Comm'r of Soc. Sec.*, No. 5:12-cv-211-Oc-18PRL, 2013 WL 3804846, at *3 (M.D. Fla. July 8, 2013) (same).

Even if Gomez-Alday had preserved this issue for judicial review, it appears to lack any merit. Work experience is "past relevant work" if it: (1) was performed within 15 years prior to the claimant's date last insured;[11] (2) was substantial gainful activity ("SGA"); and (3), lasted long enough for the claimant to learn the job. *See* 20 C.F.R. § 404.1560(b)(1); SSR 82-62, 1982 WL 31386 at *1; *Barnes*, 932 F.2d at 1358. The record reflects that Gomez-Alday worked as a part-time physical therapist since 1989 with some breaks in between. (Tr. 196, 205, 220). And there is no suggestion that she did not perform this work at the SGA level. Rather, during the

---

[11] Gomez-Alday's date last insured was December 31, 2019. (Tr. 199). Thus, the fifteen-year period runs from December 31, 2004, to December 31, 2019.

ALJ hearing, her counsel represented that she "has past work as a physical therapist." (Tr. 48). And neither Gomez-Alday nor her counsel lodged any objection to the vocational expert opining about her past relevant work as a physical therapist. (Tr. 69-70, 72; *see also* Tr. 50-51).[12]  Thus, given the unchallenged and unrebutted expert testimony and the other evidence of record, substantial evidence supported the ALJ's past-relevant-work finding. *See Barnes*, 932 F.2d at 1359. In sum, this point of error fails to present any proper ground for reversal.

## III.   Conclusion

Upon consideration of the submissions of the parties and the administrative record, substantial evidence supports the ALJ's decision and there was either no error or no harmful error in the ALJ's application of the correct legal standard. Accordingly, the decision of the Commissioner should be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g), and the Clerk of Court should be directed to enter judgment in Defendant's favor.

Respectfully recommended on August 9, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[12] While the ALJ did not use the word "relevant" when questioning the vocational expert about Gomez-Alday's past work, a review of the transcript leaves no doubt that this was the import of the ALJ's step-four colloquy with the expert.

- 17 -

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**