UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH GOMEZ-ALDAY,

    Plaintiff,

v.                                                   Case No. 2:21-cv-395-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

# ORDER

Plaintiff Deborah Gomez-Alday appeals the Commissioner of Social Security's ("Commissioner") final decision denying her claim for a period of disability and disability insurance benefits. (Doc. 1.) The Magistrate Judge issued a Report and Recommendation, recommending that the Court affirm the Commissioner's decision. (Doc. 15.) Upon review of the record, the Report and Recommendation, and Ms. Gomez-Alday's timely objections (Doc. 16), the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## BACKGROUND

Ms. Gomez-Alday applied for disability insurance benefits. (Doc. 11-3 at 14, 26; Doc. 11-5 at 5.) Following a hearing, an administrative law judge ("ALJ") determined that Ms. Gomez-Alday had not engaged in substantial gainful activity between the alleged onset date and the date last insured, and that she had the following severe impairments: degenerative disc disease of the lumbar, thoracic, and cervical spine; osteoarthritis of the hands; and neurofibroma involving the right

shoulder. (Doc. 11-2 at 28, 43–75; Doc. 11-4 at 16.) The ALJ further found that Ms. Gomez-Alday did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (Doc. 11-2 at 31.) The ALJ then determined that Ms. Gomez-Alday had a residual functional capacity ("RFC") as follows:

> lift and/or carry 50 pounds occasionally and 25 pounds frequently; sit for 6 hours in an 8 hour workday; stand and/or walk for 6 hours in an 8 hour workday; occasional climbing of ramps or stairs; occasional climbing of ladders, but no climbing of ropes or scaffolds; frequent balancing, stooping, kneeling, and crouching; occasional crawling; frequent overhead reaching with the right upper extremity; frequent handling and fingering; and no exposure to hazardous machinery or unprotected heights.

(Id. at 32.) The ALJ concluded that, based on the RFC and testimony of the vocational expert, Ms. Gomez-Alday could perform past relevant work as a physical therapist. (Id. at 37.) Accordingly, Ms. Gomez-Alday's claim for disability insurance benefits was denied. (Id.)

## STANDARD OF REVIEW

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

In this Social Security appeal, the Court must determine whether the ALJ's decision is "supported by substantial evidence and based on proper legal standards."

Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Id.  The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the ALJ's.  Id.  Even where the Court finds that the evidence more likely supports a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence.  See Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## DISCUSSION

Ms. Gomez-Alday raises two objections to the Magistrate Judge's Report and Recommendation, contending that the ALJ failed to (1) include mild mental limitations in the RFC assessment, and (2) explain why Ms. Gomez-Alday's past work as a physical therapist was past relevant work.  Upon review, Ms. Gomez-Alday's objections are unpersuasive.

**Objection 1: The ALJ improperly failed to include mild mental limitations in the RFC assessment.**

Ms. Gomez-Alday first contends that the ALJ erred in not including Ms. Gomez-Alday's mild, non-severe mental limitations in the RFC.  (Doc. 16 at 1–5.)  She further asserts that the Magistrate Judge misapprehended her argument that "the ALJ found that [Ms. Gomez-Alday] has mild limitations on her ability to perform basic work activities, but then failed to include them into the RFC assessment."  (Id. at 1.)  This contention is unpersuasive.

3

A claimant's RFC is based on "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what [the claimant] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). An ALJ must "assess and make a finding about [the claimant's] [RFC] based on all the relevant medical and other evidence." 20 C.F.R. § 404.1520(e). In doing so, the ALJ must consider all medically determinable impairments, including those that are not "severe." 20 C.F.R. § 404.1545(a)(2), (e). As the Magistrate Judge observed, the mental limitations identified in evaluating the severity of limitations are not an assessment of a claimant's RFC. (Doc. 15 at 10; Doc. 11-2 at 31); see 20 C.F.R. §§ 404.1520(a)(4)(ii)-(iii), 404.1520a(d); SSR 96-8p, 1996 WL 374184, *4 (July 2, 1996).[1] Once the RFC is assessed, the ALJ will compare the RFC "with the physical and mental demands of [a claimant's] past relevant work." 20 C.F.R. § 404.1520(f).

Further, an RFC assessment or hypothetical question posed to a vocational expert need not include a mild mental limitation where there is no work limitation. See Williams v. Soc. Sec. Admin., 661 F. App'x 977, 979–80 (11th Cir. 2016) (holding ALJ did not err in omitting limitations due to depression in RFC notwithstanding finding that it caused mild limitations at step two); Medwit v. Comm'r of Soc. Sec., No. 2:20-cv-143-JLB-NPM, 2021 WL 1341390, *5 (M.D. Fla. Feb. 22, 2021) ("Since the ALJ only assessed 'mild' limitations in the four areas of mental functioning, the

---

[1] "At the second step of sequential evaluation, . . . medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities. If this assessment shows the individual to have the physical and mental ability(ies) necessary to perform such activities, no evaluation of past work (or of age, education, work experience) is needed." SSR 85-28, 1985 WL 56856, at *4.

4

ALJ did not err by not providing a mental RFC."), adopted, 2021 WL 1138179 (M.D. Fla. Mar. 25, 2021).

Here, the ALJ evaluated Ms. Gomez-Alday's mental impairments, found that none were severe, and deemed her anxiety and post-traumatic stress disorder (PTSD) medically determinable impairments that did not "cause more than minimal limitation in [Ms. Gomez-Alday's] ability to perform basic mental work activities." (Doc. 11-2 at 29.) In so finding, the ALJ evaluated the various areas of mental functioning and determined that Ms. Gomez-Alday had mild limitations in each area. (Id. at 29–30.)[2]

Additionally, the ALJ considered Ms. Gomez-Alday's subjective statements as well as objective medical and opinion evidence relating to her mental impairments. (Id. at 28–36.) For example, the ALJ found that her allegations that PTSD and anxiety with panic attacks caused difficulty focusing were inconsistent with objective evidence indicating the absence of work-related limitations. (Id. at 33.) Indeed, the evidence considered by the ALJ included consistently normal mental examination findings by various medical providers and a conservative treatment for anxiety. (Id. at 28–30); see, e.g., Grantham v. Acting Comm'r of Soc. Sec. Admin., 654 F. App'x 1015, 1017 (11th Cir. 2016). The ALJ further noted Ms. Gomez-Alday's activites of daily living, which included international trips and taking care

---

[2] The ALJ evaluated Ms. Gomez-Alday's degree of mental limitation in four broad functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. See 20 C.F.R. §§ 404.1520a(b)(2), (c)(3), (4), (e)(4).

of her elderly parents.  (Doc. 11-2 at 31); see 20 C.F.R. § 404.1529(c)(3)(i); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).

Accordingly, unlike in Winschel, the ALJ considered Ms. Gomez-Alday's mental impairments and determined they did not cause work limitations.  631 F.3d at 1180–81.  And the hypothetical questions posed to the vocational expert included the limitations in the RFC.  (Doc. 11-2 at 32, 71–73.)  Lastly, the Court is unpersuaded by Ms. Gomez-Alday's assertion that her physical therapist job exceeded "basic work activities" and may require "greater than simple instructions" such that the ALJ should have included additional mental limitations in the RFC.  (Doc. 16 at 3.)  Instead, as noted, the ALJ did not err in not including Ms. Gomez-Alday's mild, non-severe mental limitations in the RFC or hypothetical questions posed to the vocational expert, and the RFC was supported by substantial evidence.

**Objection 2: Ms. Gomez-Alday presented evidence that her past work as a physical therapist was not past relevant work and the ALJ failed to explain how he reached the opposite conclusion.**

Ms. Gomez-Alday next contends that the ALJ erred in not explaining why he determined that Ms. Gomez-Alday could return to past work as a physical therapist, notwithstanding her presentation of evidence that purportedly demonstrated her past work was not past relevant work.  (Doc. 16 at 5–9.)  Specifically, Ms. Gomez-Alday asserts that the ALJ did not address evidence that "she only performed this job at substantial gainful activity ('SGA') levels for only two years and only on a part-time basis."  (Id. at 5.)  Upon review, this objection is also unpersuasive.

6

Past relevant work is defined as "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). Despite Ms. Gomez-Alday's contentions to the contrary, in some circumstances experience outside the 15-year period may be considered in evaluating past relevant work. See SSR 82-62, 1982 WL 31386 at *2 ("[I]n some cases [work] performed prior to the 15-year period may be considered as relevant when a continuity of skills, knowledge, and processes can be established between such work and the individual's more recent occupations."); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991) ("[T]he fifteen year limitation described in the regulations does not create a prohibition against considering work outside that period.").

Notably, a claimant has the burden to show that past work is not past relevant work and that she cannot return to past relevant work as actually performed or as generally performed in the national economy. See Waldrop v. Comm'r of Soc. Sec., 379 F. App'x 948, 953 (11th Cir. 2010) (finding ALJ sufficiently determined claimant could perform past relevant work as generally performed despite argument that record contained limited information about duties as actually performed). Courts have further found that a failure to argue or prove before the ALJ that a claimant did not perform past work long enough to learn it precludes the claimant from raising the issue on appeal. See, e.g., Schlegel v. Comm'r of Soc. Sec., No. 6:16-cv-1236-Orl-DCI, 2017 WL 2379811, *2–3 (M.D. Fla. June 1, 2017) (finding that claimant's failure to raise a past-relevant-work objection during administrative

7

proceeding was "fatal" on appeal); New v. Comm'r of Soc. Sec., No. 5:12-cv-211-Oc-18PRL, 2013 WL 3804846, at *3 (M.D. Fla. July 8, 2013) (same).

As the Magistrate Judge correctly determined, despite potentially presenting some evidence that might bear on the question of past relevant work, Ms. Gomez-Alday did not raise the issue to the ALJ and failed to meet her burden to show that her past work is not past relevant work and that she could not return to past relevant work as actually performed or as generally performed in the national economy. (Doc. 15 at 15–16.) In finding that Ms. Gomez-Alday was able to perform past relevant work as a physical therapist, the ALJ relied on the testimony of the vocational expert—unobjected to by Ms. Gomez-Alday or her counsel—which the ALJ deemed "consistent with the [Dictionary of Occupational Titles] and the vocational expert's training and experience." (Doc. 11-2 at 37, 71–73.)[3] The ALJ further determined that "[i]n comparing [Ms. Gomez-Alday's] residual functional capacity with the physical and mental demands of this work, . . . [Ms. Gomez-Alday] was able to perform it as generally performed." (Id. at 37.)[4]

---

[3] On this point, the Court also agrees with the Magistrate Judge that "[w]hile the ALJ did not use the word 'relevant' when questioning the vocational expert about Gomez-Alday's past work, a review of the transcript leaves no doubt that this was the import of the ALJ's step-four colloquy with the expert." (Doc. 15 at 17.) Accordingly, Ms. Gomez-Alday's contentions in this regard are unpersuasive.

[4] As the Magistrate Judge and Commissioner correctly noted, the record reflects that Ms. Gomez-Alday worked since 1989 with occasional breaks in work, and there is no indication that this work was not performed at substantial gainful activity levels or that she did not work as a physical therapist long enough to learn the job. (Doc. 15 at 16–17; Doc. 14 at 28–33.) Again, Ms. Gomez-Alday did not raise this issue with the ALJ.

As noted, the ALJ's hypothetical questions to the vocational expert encompassed all limitations included in the RFC, and the vocational expert's testimony supports the ALJ's determination.  See 20 C.F.R. § 404.1560(b)(2); Waldrop, 379 F. App'x at 952–53; Leigh v. Comm'r of Soc. Sec., 496 F. App'x 973, 974–75 (11th Cir. 2012).  In short, Ms. Gomez-Alday has shown no error, and the Magistrate Judge did not err in finding that the ALJ properly determined that Ms. Gomez-Alday could return to past relevant work or that the ALJ's decision was supported by substantial evidence.

## CONCLUSION

After an independent review of the record, it is **ORDERED**:

1. Ms. Gomez-Alday's objections to the Magistrate Judge's Report and Recommendation (Doc. 16) are **OVERRULED**.

2. The Report and Recommendation (Doc. 15) is **ADOPTED** and made part of this Order.

3. The decision of the Commissioner is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the file.

**ORDERED** in Fort Myers, Florida, on September 15, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE